J-S31005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRY HIGGINS, | |
| Appellant | No. 1531 MDA 2015 |

Appeal from the PCRA Order Entered July 31, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000201-2011

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 10, 2016**

Appellant, Terry Higgins, appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> On November 23, 2010, Harrisburg Detective Sean Cornick obtained a search warrant of Appellant's residence following a controlled narcotics purchase of crack cocaine by a confidential informant and additional police surveillance. The following day, police executed the warrant and recovered 35.7 grams of cocaine, .1462 pounds of marijuana, digital scales, and other drug paraphernalia from Appellant's residence. Police also discovered Appellant's identification, confirming his residence as the address subjected to the search.

_____

* Retired Senior Judge assigned to the Superior Court.

- 1 -

The Commonwealth charged Appellant with [two counts of possession with intent to deliver controlled substances ("PWID") and one count of possession of drug paraphernalia.] On April 14, 2011, Appellant filed a motion to suppress, arguing the affidavit of probable cause attached to the application for the search warrant was based upon unreliable information from the confidential informant. The trial court denied relief by order entered on July 8, 2011. On April 18, 2012, the trial court held a bench trial and convicted Appellant of two counts of PWID and one count of possession of narcotics paraphernalia. On June 26, 2012, the trial court sentenced Appellant to an aggregate term of five to 10 years of imprisonment, followed by six years of probation, plus fines and costs. [A] timely appeal followed.

*Commonwealth v. Higgins*, 1286 MDA 2012, 69 A.3d 1298 (Pa. Super. filed March 20, 2013) (unpublished memorandum at 1-2). On March 20, 2013, this Court affirmed Appellant's judgment of sentence. *Id.* Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on September 24, 2013. *Commonwealth v. Higgins*, 75 A.3d 1281 (Pa. 2013).

On June 2, 2014, Appellant filed his first PCRA petition. On December 12, 2014, the PCRA court provided Appellant with notice of its intent to dismiss his PCRA petition and entered a final order on January 27, 2015, dismissing Appellant's PCRA petition. Appellant did not appeal the dismissal of the PCRA petition.

On March 12, 2015, Appellant filed a motion with the court of common pleas entitled, "Motion To Vacate Illegal Sentence." The common pleas court

treated this pleading as a second PCRA petition.[1]   On July 13, 2015, the PCRA court provided Appellant notice of its intent to dismiss the petition and dismissed Appellant's petition by order entered July 31, 2015.   Appellant filed his notice of appeal with this Court on August 25, 2015.   Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we restate here verbatim:

> I.     WAS PETITIONER UNCONSTITUTIONALLY DENEID BY A STATE COURT, THE RETROACTIVE RELEIF AND APPLICATION OF U.S. SUPREME COURT DECISIONS, "UNITED STATES V. ALLEYNE, GREER, JOHNSON, SHAVERS, BOOKER; DENIED THE APPLICATION OF MARBURY V. MADISON, TESTA V. KATT; THE HARPER RULE PURSUANT TO ARTICLE VI. CLAUSE 2. "THE SUPREMACY CLAUSE," NUNC PRO TUNC?
>
> II.     WHETHER THE STATE COURT BY ITS REFUSAL TO APPLY THE DECISIONS ALLEYNE – APPRENDI, VIA THE SUPREMACY CLAUSE TO THE APPELLANT'S CASE NUNC PRO TUNC, WAS TANTAMOUNT TO A STATE COURT COMMITTING A UNCONSTITUTIONAL STRUCTURAL DEFECT?

---

[1]   The common pleas court properly deemed this motion a PCRA petition because the motion sought relief cognizable under the PCRA.   As we have explained:

> The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."   42 Pa.C.S.A. § 9542.   When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542.

***Commonwealth v. Jackson***, 30 A.3d 516, 518 (Pa. Super. 2011).

III.   WHEREAS APPELLANT'S SENTENCE IS ILLEGAL?

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  **Carr**, 768 A.2d at 1167.

Our review of the record reflects that Appellant was sentenced on June 26, 2012.  Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on March 20, 2013.  Appellant filed a

---

[2]  The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

petition for allowance of appeal which was denied on September 24, 2013. Appellant did not file a petition for writ of *certiorari*.

Accordingly, Appellant's judgment of sentence became final on December 23, 2013, when the time for seeking *certiorari* from the United States Supreme Court expired.[3]  **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").  Therefore, Appellant had to file the current PCRA petition by December 23, 2014, in order for it to be timely.  Appellant did not file the instant PCRA petition, his second, until March 12, 2015.  Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA.  42 Pa.C.S. § 9545(b)(1).  If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.  42 Pa.C.S. § 9545(b)(2).  This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence.  **See**

_____

[3]  Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court.  **Commonwealth v. Hackett**, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Although much of his *pro se* brief is rambling and incoherent, Appellant appears to be invoking the time-bar exception under section 9545(b)(1)(iii). Throughout his brief, Appellant maintains that his sentence is illegal and argues that the "[m]andatory [m]inimum [s]entence, . . . 'that was lawful at the time of [s]entencing, that is nonetheless illegal now, and must be vacated.'" Appellant's Brief at 9. Appellant makes several references throughout his brief to "Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013)" and "Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)." ***Id.*** at 8-18. Appellant maintains that "his sentence is illegal and needs to be corrected pursuant to Apprendi, Alleyne and Newman." ***Id.*** at 8. Appellant further argues that "Alleyne and its progeny are now to be applicable retroactively to correct a Unconstitutional Structual Errors, [sic] as now complained of. Namely, His Mandatory Minimum/Maximum Sentencing." ***Id.*** Thus, Appellant's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on ***Apprendi v. New Jersey,*** 530 U.S. 466 (2000); ***Alleyne v. United States***, 133 S.Ct. 2151 (2013); and ***Commonwealth v. Newman,*** 99 A.3d 86 (Pa. Super. 2014)*.*

This Court has explained the rulings and impact of the cases referenced by Appellant as follows:

> In *Alleyne,* the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In *Alleyne,* the United States Supreme Court expressly overruled *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. *Alleyne* also implicitly abrogated *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an *Apprendi* attack in the *Harris* decision.
>
> In *Commonwealth v. Newman,* 99 A.3d 86 (Pa.Super.2014) (relying upon *Commonwealth v. Watley,* 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*)), we noted that *Alleyne* will be applied to cases pending on **direct appeal** when *Alleyne* was issued.

*Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

As stated, *Alleyne* was decided on June 17, 2013. *Alleyne*, 133 S.Ct. at 2151. Appellant's judgment of sentence was imposed on June 26, 2012, and became final on December 23, 2013. Thus, Appellant's case was pending on direct appeal when *Alleyne* was decided. In fact, because Appellant's judgment of sentence was not final until December 23, 2013, he had until December 23, 2014, to timely file a PCRA petition raising this

issue. Although Appellant's first PCRA petition was timely filed, neither Appellant in his initial *pro se* PCRA petition, nor subsequently-appointed counsel[4] raised the **Alleyne** issue. Appellant did not raise this issue until doing so in his instant petition filed March 12, 2015. Because **Alleyne** was decided before expiration of Appellant's direct appeal or collateral review rights, Appellant cannot now succeed on his claim that this is a newly recognized constitutional right pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). Therefore, Appellant's petition remains time-barred.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

_____

[4] We note that counsel was appointed and after seeking and receiving several continuations to file a supplemental PCRA petition, filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)(*en banc*). Counsel did not raise the **Alleyne** issue in his **Turner/Finley** letter. The PCRA court granted counsel permission to withdraw and dismissed Appellant's first PCRA petition finding that Appellant was not entitled to collateral relief. Order, 12/12/14, at 1.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016